[No. 11428. Department One. December 4, 1913.]

R. E. JONES, *Respondent*, v. JULES MAES, *Appellant*.[1]

CONTRACTS—CONSIDERATION—SUFFICIENCY — GIFTS. Where it became necessary under the law to reduce the number of saloons by three, and three saloon keepers agreed not to apply or compete with the others for license renewals, in consideration of $500 to be paid to each, from a fund raised by the others, there was a valuable consideration for the agreement to pay; and one collecting the fund cannot claim that the transaction was an uncompleted gift.

MONEY RECEIVED—LIABILITY—CONSIDERATION. One who collects and receives a fund contributed by others to be paid to plaintiff for his own use and benefit, is liable for money had and received, without regard to the question of consideration for the fund.

Appeal from a judgment of the superior court for King county, Tallman, J., entered July 14, 1913, upon findings in

[1]Reported in 136 Pac. 680.

favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*William A. Greene* and *C. L. Henry*, for appellant.

*Wingate & Dolby*, for respondent.

Crow, C. J.—Action by R. E. Jones against Jules Maes to recover $500, money had and received by defendant for the use and benefit of plaintiff's assignor. From a judgment in plaintiff's favor, the defendant has appealed.

The evidence shows, and the trial court in substance found, that on February 6, 1912, and for a long time prior thereto, two brothers, Umbert Conella and Christopher Conella, were the owners and proprietors of a certain saloon in the city of Georgetown; that, while they were conducting their saloon business, Georgetown was annexed to, and became a part of, the city of Seattle; that, under the charter and ordinances of Seattle, it became necessary to decrease the number of saloons from thirteen to ten in the former territory of Georgetown, and refuse license renewals to at least three saloons then existing; that, at a meeting of the Georgetown saloon keepers, or their representatives, it was orally agreed that three of their saloons, including that of Conella Brothers, should be closed without applying for renewals of licenses; that, in consideration thereof, a fund would be raised by the remaining saloonists sufficient to pay $500 to the proprietors of each of the retiring saloons; that the defendant Maes was appointed to collect the fund; that he did collect $1,500; that he paid $500 to the proprietors of each of the two other retiring saloons, but refused to make any payment to Conella Brothers; and, that prior to the commencement of this action, Conella Brothers assigned their claim to respondent.

Appellant contends that the money agreed to be paid Conella Brothers was an uncompleted gift *inter vivos;* that no consideration existed for any promise to pay them $500; that he had been ordered by the donors not to make the payment; and that, for these reasons, respondent cannot recover.

It is apparent that the fund was not a gift, and we find no merit to the contention that the promise to pay $500 to Conella Brothers was made without consideration. Notwithstanding appellant's contention, Conella Brothers were not compelled to go out of business, but had they seen fit to do so, could have applied for a renewal of their license. It clearly appears from the record now before us that three out of thirteen saloons would be compelled to retire from business; that an agreement was made among the entire number of saloonists to the effect that three designated saloons, including that of Conella Brothers, should cease business and not interfere or compete with the remaining ten in their application for renewals of licenses; and that the designated saloons did quit. Under such circumstances, there was a valuable consideration for the promise to pay $500 to the proprietors of each of the retiring saloons.

But without regard to the question of consideration, the record shows that appellant received $500 for the use and benefit of Conella Brothers, and that he had the money and refused to pay it to them. Appellant testified as follows:

"Q. You understood between yourselves three saloons were going out of business, that the rest of the saloonmen were going to raise five hundred dollars a piece for them? A. Yes, sir. Q. And you were the man appointed to collect this five hundred dollars a piece? A. Yes. Q. And you went around and collected it from the different people? A. Yes. Q. Five hundred dollars for each one of these saloonmen? A. Yes. Q. Everyone paid their share to you? A. Yes. Q. In fact, paid over to two saloons their five hundred dollars? A. Yes. Q. But you haven't paid these people their five hundred dollars yet? A. No."

There is no reason why the payment should not have been made by appellant.

The judgment is affirmed.

MAIN, CHADWICK, ELLIS, and GOSE, JJ., concur.